**Max Everhardus DE FRETES, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 14-70710**

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2017 *

Filed June 1, 2017

Armin Alexander Skalmowski, Alhambra, CA, for Petitioner

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

OIL, Julie M. Iversen, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Max Everhardus De Fretes, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying De Fretes' motion to reopen as untimely, where it was filed over four years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and where De Fretes failed to establish materially changed circumstances in Indonesia to qualify for the regulatory exception to the time limitation for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 987-90 (evidence must be "qualitatively different" to warrant reopening).

**PETITION FOR REVIEW DENIED.**

*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.